**Robert ROBERTS, Plaintiff,**

v.

**Richard L. ROSS, et al., Defendants.**

**No. C-3-86-589.**

United States District Court, S.D. Ohio, W.D.

Sept. 30, 1987.

Dennis L. Bailey, Dayton, Ohio, for plaintiff.

---

Neil F. Freund, Jane M. Lynch, Dayton, Ohio, for defendants Ross and John Doe, etc.

Sharon L. Ovington, Asst. Pros. Atty., Dayton, Ohio, for defendants Wilson and James Doe, etc.

## DECISION AND ENTRY SUSTAINING DEFENDANT, RICHARD L. ROSS' MOTION FOR SUMMARY JUDGMENT (DOC. # 13)

RICE, District Judge.

This case is before the Court on the Defendant, Richard L. Ross' Motion for Summary Judgment (Doc. # 13). For the reasons briefly set forth below, the Defendant's motion is sustained in its entirety.

The Plaintiff, Robert Roberts, has brought this action against Richard L. Ross, Prosecuting Attorney for Morgan County, Ohio, John Doe, unknown agents, employees or officials of Morgan County, Ohio, Tom Wilson, Sheriff of Montgomery County, Ohio, and James Doe, unknown agents, employees, or officials of Montgomery County, Ohio, pursuant to 42 U.S.C. § 1983. The Plaintiff's Complaint (Doc. # 1) sets forth two claims for relief. The first claim for relief alleges that on September 9, 1981, Plaintiff pled guilty and was sentenced on two criminal charges in the Court of Common Pleas for Morgan County, Ohio. Plaintiff received a suspended sentence of two to five years and was placed on probation for a period of three years. Plaintiff was ordered by the Court "to keep in touch with the Prosecuting Attorney" as a condition of probation. The Plaintiff alleges that he did so. Plaintiff further asserts that Defendant Richard L. Ross acted outside the scope of his duty or authority by assuming the duty and authority of a probation officer. Plaintiff's probation ended without revocation on September 9, 1984, but on or about September 18, 1984, Defendant, Richard L. Ross, caused a Request for Revocation to be filed against Plaintiff in the Common Pleas Court of Morgan County, Ohio. Further, on or about September 27, 1984, Defendant, Richard L. Ross, caused an arrest warrant to be issued against the Plaintiff. At some unknown time, this arrest warrant was entered in the national computer listing of criminal records. Subsequently, on September 16, 1986, Plaintiff was arrested following a routine traffic stop in New Lebanon, Ohio. Following this arrest, Plaintiff was held in the Montgomery County Jail, Dayton, Ohio, until September 24, 1986, at which time the Defendant Ross, discovering that the Plaintiff's probation had ended, withdrew the revocation motion. Plaintiff's second claim for relief does not pertain to the acts of Defendant Richard L. Ross.

## DISCUSSION

The seminal issue in this case is whether a prosecuting attorney who takes it upon himself to act as a probation officer and who, in so doing, acts improperly (seeking the issuance of a warrant for a person's arrest after that person's probation has expired) is entitled to absolute immunity. This Court finds that Defendant Richard L. Ross acted improperly in at least two ways. First, the Plaintiff's probation had expired when the warrant to arrest was issued. Secondly, it appears that the Prosecutor imposed conditions above and beyond those imposed by the Court of Common Pleas of Morgan County, Ohio. The trial judge merely directed the Plaintiff to keep in touch with Defendant Ross, whereas Defendant Ross appeared to require monthly reports. Defendant Ross asserts that he was acting pursuant to his prosecutorial responsibilities and thus is absolutely immune from civil damages in a § 1983 action.

*Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) is the leading case with regard to prosecutorial immunity. In *Imbler*, the United States Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431, 96 S.Ct. at 995. Subsequent to *Imbler*, the Sixth Circuit Court of Appeals expounded on which prosecutorial functions are so protected, and the functional analysis which must be applied in making this determination. *See Joseph v. Patterson*, 795 F.2d

**1146**

549 (6th Cir.1986). "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Id.* at 554. In this particular case, the key question is whether Defendant Ross' actions of making a Request for Revocation and causing the issuance of an arrest warrant are advocatory in nature, on the one hand, or investigative and administrative on the other.

As a general rule "[t]he decision to file a criminal complaint and seek issuance of an arrest warrant are quasi-judicial duties involved in 'initiating a prosecution,' which is protected under *Imbler,* 424 U.S. at 431 [96 S.Ct. at 995]." *Joseph,* 795 F.2d at 555. Such decisions have been found to be protected "even in the face of accusations of: vindictive prosecution, or reckless prosecution (citation omitted) without adequate investigation, (citation omitted), or prosecution without jurisdiction, (citation omitted), or conspiracy to prosecute for a crime that never occurred." (citation omitted). *Myers v. Morris,* 810 F.2d 1437 (8th Cir.1987).

The decision to prosecute in this case can only be distinguished by the fact that this was a decision to prosecute for a probation violation rather than to initiate an original criminal prosecution. However, Ohio Rev. Code § 2951.08, which controls the arrest of a probationer, states that "[s]uch arrest may also be made by any sheriff, deputy sheriff, marshal, deputy marshal, watchman or police officer ... on the warrant of the judge or magistrate...." There is absolutely nothing to prevent a prosecutor from seeking such a warrant. In fact, Ohio Rev. Code § 309.08 requires that a prosecutor prosecute *"all*

complaints, suits, and controversies in which the state is a party...." (emphasis added).[1] Thus, this Court finds that the fact that this was a decision to prosecute a probation violation, rather than to commence an initial prosecution, is irrelevant to the question of immunity.

Based upon the foregoing, and upon the properly documented Fed.R.Civ.P. 56 materials, this Court finds that Defendant Ross' actions were indeed so closely associated with the judicial process that they can be characterized as advocatory. Accordingly, there exist no genuine issues of material fact on the factual point at issue, and as Defendant Richard L. Ross is entitled to judgment as a matter of law regarding all allegations made against him based upon absolute prosecutorial immunity,[2] the Defendant's Motion for Summary judgment must be sustained in its entirety.

---

1. Defendant Ross is certainly not the first prosecutor to file a Motion to Revoke Probation. *See e.g., State v. Branderburg,* No. 2-84-5, 2-84-6 (Ohio Ct.App. Aug. 22, 1985) [Available on WESTLAW, 1985 WL 7383]; *City of Euclid v. Curley,* No. 44218, 44219 (Ohio Ct.App. June 17, 1982) [Available on WESTLAW, 1982 WL 2413].

2. As this Court found that Defendant Ross is entitled to absolute immunity, the question of his qualified immunity is rendered immaterial. However, this Court is of the opinion that De-

fendant Ross fails to meet the criteria for qualified immunity set by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Defendant Ross' conduct in causing the unlawful arrest of Plaintiff does "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. It is crystal clear that a person who is no longer on probation cannot be taken into custody for a probation violation.